NOT RECOMMENDED FOR PUBLICATION
File Name: 05a0569n.06
Filed: July 7, 2005

**No. 04-6352**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

UNITED STATES OF AMERICA, )
)
    Plaintiff-Appellee, )
)
v. ) ON APPEAL FROM THE UNITED
) STATES DISTRICT COURT FOR
) THE WESTERN DISTRICT OF
MELBA MALONE, ) TENNESSEE
)
    Defendant-Appellant. )

Before: **SILER and GIBBONS, Circuit Judges; LAWSON, District Judge**[*]

    **PER CURIAM**. Defendant Melba Malone appeals her sentence for mail theft charges committed when she worked as a postal employee. She was sentenced to five months of imprisonment followed by five months of home detention and two years of supervised release. Because she was sentenced under the then-mandatory Sentencing Guidelines, we **REVERSE** and **REMAND** for resentencing.

**I.**

    In October 2004, Malone pled guilty to the charges of possessing stolen mail, stealing mail as a postal employee, conspiring to possess access devices sent in the mail, and knowingly defrauding another by using access devices to obtain more than $1,000 in cash or merchandise. At

---

    [*] The Honorable David M. Lawson, United States District Judge for the Eastern District of Michigan, sitting by designation.

her change of plea hearing, she admitted the essential facts necessary to support the charges, but refused to admit any other facts in the wake of *Blakely v. Washington*, 124 S. Ct. 2531 (2004). She could not deny, however, making statements to the police about stealing credit cards and other instruments for approximately two years, at a rate of approximately two per month.

The district court adopted the Guideline calculation recommended in the presentence report, which included enhancements for the amount of loss, trafficking access devices, and abuse of trust. Malone did not object to the latter two enhancements because her guilty plea established the basis of these enhancements. She did, however, make a Sixth Amendment objection to the amount-of-loss enhancement because it was based solely on her admission to the police regarding the frequency of her access device trafficking. The district court overruled the objection because the Sentencing Guidelines were still mandatory at the time.

## II.

Sixth Amendment errors that have been preserved below are reviewed *de novo*, while error which has not been preserved is reviewed for plain error. *United States v. McDaniel*, 398 F.3d 540, 546 (6th Cir. 2005). Malone preserved her Sixth Amendment challenge to her sentence by objecting to the amount-of-loss enhancement at the time of sentencing, and *de novo* review is warranted. However, because the district court also committed plain error, we will focus our discussion on the four-part plain error test articulated in *United States v. Oliver*, 397 F.3d 369 (6th Cir. 2005). We can reverse under this test if there is error that is plain which affects the defendant's substantial rights. *Id.* at 378. If these elements are met, we may choose to exercise our discretion and reverse

No. 04-6352
United States v. Malone

if the error "seriously affects the fairness, integrity, or public reputation of [the] judicial proceedings." *Id.* (quoting *Johnson v. United States*, 520 U.S. 461, 466 (1997)).

Error occurred because the district court sentenced Malone under the Guidelines as if they were mandatory. *United States v. Hudson*, 405 F.3d 425, 444 (6th Cir. 2005); *United States v. Barnett*, 398 F.3d 516, 527 (6th Cir. 2005). This error is now plain, *McDaniel*, 398 F.3d at 549, and we assume that the error affected the defendant's substantial rights because the trial record does not contain "clear and specific evidence that the district court would not have, in any event, sentenced the defendant to a lower sentence under an advisory Guidelines range." *Barnett*, 398 F.3d at 529; *see also Hudson*, 405 F.3d at 444.

We choose to exercise our discretion and reverse and remand this case for resentencing. "As our Court has observed in the wake of *Booker*, the court of appeals ought not assume that a defendant's sentence under the new discretionary sentencing regime would be the same and therefore that a remand is superfluous." *Hudson*, 405 F.3d at 445 (citing *Oliver*, 397 F.3d at 381 n.3). Therefore, remand is appropriate. Because Malone meets all four prongs of the plain error test, her case would also be remanded under the more lenient *de novo* standard of review.

**REVERSED** and **REMANDED**.